Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
PETER MENZEL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENZEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FOODBEAST, LLC, a California limited liability company; COLUMN FIVE MEDIA, INC., a California company, individually, and doing business as VISUAL NEWS; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED<br><br>[EXHIBITS A and B FILED HEREWITH] |

Plaintiff, PETER MENZEL ("MENZEL"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

# INTRODUCTION

This is a case about theft: the illegal taking of original content by a web publication who really should know better. Plaintiff MENZEL brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of his original photography by Defendants FOODBEAST, LLC ("FOODBEAST") and COLUMN FIVE MEDIA, INC., individually and doing business as VISUAL NEWS ("VISUAL NEWS").

MENZEL is a photojournalist that traverses the globe seeking stories of international interest, focusing often on cultural nuance through intimate personal depictions of people from all walks of life. He expends considerable time, effort, and resources to create original, unique, and inspiring photographs. MENZEL's award-winning photographs have been published in National Geographic, Smithsonian, and Time, among many other influential publications. In addition, MENZEL has produced six full-length books of his photographs.

One of MENZEL's recent works explores the typical daily diet of 80 people from 30 different countries around the world. MENZEL travelled the globe creating stunning original photographs, which he then published in a book entitled, "What I Eat: Around the World in 80 Diets." This book was extremely well-received, and garnered the Jane Grigson Award by the International Association of Culinary Professionals and a nomination for the James Beard Award. As with each of his major publications, this book required an enormous personal and financial investment from MENZEL. The planning, development, and execution of the project was a years-long process. The vivid and dynamic nature of MENZEL's photographs resulted in great interest in the book. This interest, though, also led to the unauthorized exploitation of the material by unscrupulous websites that care greatly about profits and little about the intellectual property rights of the artists they exploit.

FOODBEAST and VISUAL NEWS derive revenues in large part from advertisers paying for unique visitor impressions. After MENZEL published the above-named book, FOODBEAST and VISUAL NEWS each posted "original" articles comprised almost entirely of copies of photographs from that book, and did so without acquiring from MENZEL a license or authorization to publish the work.

FOODBEAST and VISUAL NEWS' illegal copying of Plaintiff's content has negatively impacted Plaintiff's ability to license his photographs featured in "What I Eat: Around the World in 80 Diets," and has also resulted in a diminution in the value of the book. To combat this infringement, MENZEL brings this lawsuit, alleging the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. MENZEL is an individual residing in Napa, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant FOODBEAST, LLC is a California limited liability company.

6. Plaintiff is informed and believes and thereon alleges that Defendant COLUMN FIVE MEDIA, INC., doing business as "VISUAL NEWS", is a corporation incorporated in and existing under the laws of the state of California.

7. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the

infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO "WHAT I EAT: AROUND THE WORLD IN 80 DIETS"**

9. Plaintiff captured a number of discrete, original photographs (the "Subject Photographs"). After completing these photographs he posted them on his web site and included them in a book, which he titled "What I Eat: Around the World in 80 Diets" (the "Subject Book"). The Subject Book, which included the Subject Photographs, was published and registered with the United States Copyright Office, before the infringement at issue.

10. Plaintiff's investigation revealed that FOODBEAST published a post at displaying at least sixteen (16) of the Subject Photographs ("Subject Post A"). True and correct depictions of certain of the Subject Photographs and the corresponding photographs from the Subject Post are attached hereto as Exhibit A.

11. Plaintiff's investigation revealed that VISUAL NEWS published a post at displaying at least seventeen (17) of the Subject Photographs ("Subject Post B"; together with Subject Post A, "Subject Posts"). True and correct depictions of certain of the Subject Photographs and the corresponding photographs from the Subject Post are attached hereto as Exhibit B.

12. Plaintiff is informed and believes and thereon alleges that the copied images of the Subject Photographs in the Subject Posts were altered to remove certain of Plaintiff's copyright management information.

13. Prior to the alleged infringement, Plaintiff had finalized and formatted the Subject Photographs, and published them on his website, and in the Subject Book.

14. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, used and distributed images that are identical, or substantially similar, to at least (17) of the Subject Photographs in various website posts on foodbeast.com and visualnews.com.

15. Plaintiff is informed and believes and thereon alleges that FOODBEAST and VISUAL NEWS operate content aggregation websites and derive revenues by selling advertising against their content, and that those revenues increase as traffic to the websites increases.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

16. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through (a) viewing the Subject Photographs on Plaintiff's website, (b)

viewing Subject Photographs in a digital version of the Subject Book, and (c) viewing Subject Photographs in a physical copy of the Subject Book.

18. Plaintiff is informed and believes and thereon alleges that Defendant FOODBEAST used and distributed images that were copied from the Subject Photographs, and exploited said images in at least one website post entitled "Around the World in 80 Diets: A Photo Study of People and Their Daily Eating Habits."[1]

19. Plaintiff is informed and believes and thereon alleges that Defendant VISUAL NEWS used and distributed images that were copied from the Subject Photographs, and exploited said images in at least one website post entitled "Around the World in 80 Diets: A Photographic Study of People and Their Daily Eating Habits."[2]

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing and/or derivative work from the Subject Photographs and by publishing the work which infringes the Subject Photographs to the public, including without limitation, through foodbeast.com and visualnews.com.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photographs as pictured in the Subject Book, without Plaintiff's authorization or consent.

22. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the

---

[1] *See* www.foodbeast.com/news/around-the-world-in-80-diets-a-photo-study-of-people-and-their-daily-eating-habits/
[2] *See* http://www.popsugar.com/food/HungryPlanetWhatWorldEats

Subject Photographs and Subject Book. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs and Subject Book in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

25. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to

suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs and Subject Book. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs and Subject Book, in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

<u>With Respect to Each Claim for Relief:</u>

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photographs and Subject Book, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photographs or the Subject Book from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: June 27, 2016        By: */s/ Scott Alan Burroughs*
                            Scott Alan Burroughs, Esq.
                            Trevor W. Barrett, Esq.
                            Justin M. Gomes, Esq.
                            DONIGER / BURROUGHS
                            Attorneys for Plaintiff
                            PETER MENZEL

9
COMPLAINT